NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SMART PHARMACY, INC., and HIGHLAND PHARMACY, LLC, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MEDCO HEALTH SOLUTIONS, INC.,<br><br>Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 11-cv-6485 (DMC-JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon the Motion of Defendant Medco Health Solutions, Inc. ("Defendant") to Dismiss the Class Action Complaint of Plaintiffs Smart Pharmacy, Inc. ("Smart") and Highland Pharmacy, LLC ("Highland") (collectively, "Plaintiffs") pursuant to FED. R. CIV. P. 12(b)(6). ECF No. 10. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's Motion is **granted**, and that the Complaint is **dismissed without prejudice**.

## I.     BACKGROUND[1]

This putative class action concerns allegedly abusive audit and reimbursement practices.

---

[1]  The facts in the Background section have been taken from Complaint. On this Motion to Dismiss, the Court will accept the factual allegations in the Complaint as true and construe all facts in Plaintiffs' favor.

Compl. ¶ 1, ECF No. 1.   Smart is a community and compounding pharmacy servicing the

Jacksonville, Florida area, and is a corporation organized and existing under the laws of the State

of Florida.  Compl. ¶¶ 10, 11.  Highland is a community and compounding pharmacy servicing the

Waterford, Michigan area, and is a limited liability company organized and existing under the laws

of the State of Michigan.  Compl. ¶¶ 12, 13.  Defendant is a Pharmacy Benefit Manager ("PBM")

organized and existing under the laws of the State of Delaware, and is responsible for processing and

paying prescription drug claims.  Compl. ¶¶ 14-17.  Together, Plaintiffs seek to represent three

different classes: the "Vacation Supply Class," the "Overpriced Compound Class," and the "Florida

Class."  Compl. ¶¶ 18, 19.[2]

Defendant created an on-line system of "adjudicating" prescriptions with pharmacies in its

network called the TelePAID system.  Compl. ¶ 28.  The adjudication process is when a pharmacy

and Defendant agree on the terms of a prescription drug claim submitted by the pharmacy to

Defendant, including the price of the prescription.  Compl. ¶ 28.  Through this system, Defendant

reimburses pharmacies that fill prescriptions for their customers.  Compl. ¶¶ 29–34.  In accordance

with various contracts between Defendant and the pharmacies, Defendant retains the right to audit

---

[2] The Vacation Supply Class includes "[a]ll pharmacies who have submitted at least one claim to Medco for reimbursement for the refill of a prescription based on a patient's request for an early refill because the patient was not going to be available on the day the refill otherwise became due," and where monies paid by Defendant were either recouped or are subject to recoupment for an alleged "Refill Too Soon" discrepancy.  Compl. ¶ 19a.  The Overpriced Compound Class includes "[a]ll pharmacies who have submitted at least one claim to Medco for reimbursement . . . and which claim(s) was subsequently audited by Medco and for which monies were either recouped by Medco, or are subject to recoupment by Medco, for an alleged 'Overpriced Compound' discrepancy . . . ."  Compl. ¶ 19b.  The Florida Class includes "[a]ll pharmacies licensed in the State of Florida that have submitted at least one claim to Medco for reimbursement, which claim(s) was subsequently audited by Medco, and for which monies were subsequently recouped" in violation of Florida Law.  Compl. ¶ 19c.

a pharmacy's claims submissions through TelePAID.  Compl. ¶ 39.  If, in connection with an audit, Defendant determines that it has overpaid a pharmacy, Defendant issues a letter advising the pharmacy that there is a discrepancy and that Defendant will retract the overpaid amounts from future payments.  Compl. ¶ 40.

With respect to the putative Vacation Supply Class, Plaintiffs state that the class members would grant patient requests for early re-fills when those patients would be on vacation during their normal re-fill time.  Compl. ¶ 47.  Plaintiffs state that the class members would properly enter an override code in the TelePAID system for this purpose and submit the claims, and that Defendant initially accepted these claims.  Compl. ¶ 47.  According to the Complaint, Defendant would then unilaterally and improperly determine that many of these claims constituted a "Refill Too Soon" discrepancy.  Compl. ¶ 49.  Plaintiffs complain that Defendant has improperly recovered monies from the Class based on these alleged discrepancies, or alternatively, that monies are subject to improper recovery by Defendant for the same reasons.  Compl. ¶¶ 50-53.

Plaintiffs state that the putative Overpriced Compound Class members offered patients a compounding prescription service, which is a pharmacy "specialty" service that involves the combination, mixing, or altering of ingredients to create a medication tailored to the needs of an individual patient.  Compl. ¶¶ 56-57.  To adjudicate claim pricing, Defendant uses TelePAID's complex compound prescription algorithm.  Compl. ¶ 59.  Plaintiffs allege, however, that Defendant uses a completely different adjudication system during audits, and that this second methodology is not referenced in any of the contracts and agreements between Defendant and the class members. Compl. ¶ 62-64, 74.  Plaintiffs alleged that over the last six years, Defendant "has recouped monies and/ or subjected monies to recoupment from the Overpriced Compound Class members based on

[Defendant's] unilateral and improper on-site, telephone and desk audit conclusions." Compl. ¶ 71.

Finally, with respect to the putative Florida Class, Plaintiffs allege that during audits, Defendant unilaterally and improperly determined that it had overpaid the class members for claims, and sent class members a letter indicating that it will be retracting the alleged overpayments from future reimbursements.  Compl. ¶¶ 84-85.  Plaintiffs alleged that Defendant's actions violate the Florida Prompt Pay Act, FLA. STAT. § 641.3155, et seq. (2008), and FLA. STAT. § 627.6131, et seq. (2008).  Compl. ¶¶ 86-95.

Plaintiffs filed the present Complaint on November 4, 2011, alleging three counts of breach of contract, three counts of violation of the covenant of good faith and fair dealing, three counts of promissory estoppel, two counts of unjust enrichment, and two counts of conversion.  Defendant filed the present Motion on December 30, 2011, contending that while Plaintiffs have alleged various wrongs with respect to the putative classes, Plaintiffs have not alleged any individual facts with respect to Smart and Highland, the only current parties to this lawsuit.  Def.'s Mot. Br. 2.  Plaintiffs filed a Brief in Opposition on January 23, 2012.  ECF No. 11.  Defendant filed a Reply on January 30, 2012.  The matter is now before this Court.

## II.   STANDARD OF REVIEW

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and

-4-

a formulaic recitation of the elements of a cause of action will not do." Id. To survive a motion to dismiss, the complaint must state a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp., 550 U.S. at 555.

## III.   DISCUSSION

Defendant's primary argument on this Motion to Dismiss is that "Plaintiffs have not alleged facts here to plausibly suggest they personally suffered any cognizable injury as a result of the alleged actions of the Defendant." Def.'s Mot. Br. 6. To this end, Defendant contends that while Plaintiffs have attempted to set forth claims on behalf of "putative members of nonexistent classes," Plaintiffs have not shown "that they, Smart Pharmacy Inc. and Highland Pharmacy, LLC . . . are entitled to relief or, in other words, have standing to pursue these claims." Def.'s Mot. Br. 6. Defendant's argument therefore relies on the notion that the allegations on behalf of the putative classes are insufficient to demonstrate that the named Plaintiffs in this matter are entitled to relief.

Plaintiffs' Opposition relies heavily on two paragraphs from the Complaint, which allege that "Smart is a member of each of the three (3) Classes and is a representative of the putative class members in each of the three (3) Classes," and that "Highland is a member of the Vacation Supply Class and Overpriced Compound Class and is a representative of the Vacation Supply Class and Overpriced Compound Class." Compl. ¶¶ 21, 22; Pl.'s Opp'n Br. 9. Plaintiffs state that the Complaint "discusses the contractual relationship between Medco and the Plaintiffs, the transaction between Plaintiffs and Medco at the point-of-sale including the electronic claims adjudication process, the audit process, Medco's auditing methodology, the specific discrepancy types at issue in this lawsuit, Medco's improper and unilateral audit conclusions, and Medco' [sic] improper

retraction of monies from future payments owed to Plaintiffs." Pl.'s Opp'n Br. 12. Plaintiffs' Opposition generally contends that since the Complaint repeatedly discusses these types of facts between the three putative classes and Defendant, and because Smart and Highland are both members and representatives of the classes, the Complaint sufficiently pleads facts specific to Smart and Highland.

Defendant correctly asserts that Plaintiffs must include allegations specific to themselves, and not to the putative classes. A complaint must show that the alleged injury has affected a plaintiff "in a personal and individual way." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). "In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." Powers v. Ohio, 499 U.S. 400, 425 (1991). Importantly, "[t]he standing inquiry does not change in the context of a putative class action . . . . [S]tanding cannot be predicated on an injury which the plaintiff has not suffered, nor can it be acquired through the back door of a class action." Koronthaly v. L'Oreal, No. 07–cv–5588, 2008 WL 2938045, at *4 (D.N.J. July 29, 2008) (citing In re Franklin Mut. Funds Litig., 388 F.Supp.2d 451, 461 (D.N.J. 2005). As the Supreme Court explained in Lewis v. Casey, "[t]hat a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" 518 U.S. 343, 356 (1996) (quotations omitted).

The Complaint, as presently composed, fails this standard for a lack of plaintiff-specific details. Plaintiffs set forth a significant amount of facts that indicate the existence of a claim, and that thoroughly discuss the nature of that claim. Plaintiffs must, however, go beyond simply

asserting that they are representatives of a class, and that members of that class have suffered harm. Plaintiffs must instead inject facts into the Complaint to show that they personally have been injured by Defendant's alleged actions, and that they personally have a right to relief.  For example, the Complaint fails to indicate details of the specific contracts between Smart and Medco and between Highland and Medco, or whether Smart and Highland specifically have suffered harm by having monies recouped by Medco as opposed to having monies currently subject to being recouped. Without details of this nature, Defendant is hard pressed to respond to the Complaint substantively, and the Court is unable to review the Complaint with precision and accuracy.

Defendant does not assert that granting Plaintiffs leave to re-file their Complaint would be futile, and Plaintiffs have specifically requested that if the factual allegations are currently insufficient, the Complaint should only be dismissed without prejudice.  The Court agrees that Plaintiffs should be granted the opportunity to demonstrate the existence of an injury in fact, to Smart and Highland personally, that is concrete, particularized, and actionable.  Plaintiffs will therefore be granted leave to re-file their Class Action Complaint.

IV.     **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss the Complaint is **granted**, and the Complaint is **dismissed without prejudice**.  An appropriate Order accompanies this Opinion.


                                               S/ Dennis M. Cavanaugh
                                               Dennis M. Cavanaugh, U.S.D.J.

Date:          July 30  , 2012
Orig.:         Clerk
cc:            All Counsel of Record
               Hon. Joseph A. Dickson, U.S.M.J.
               File