NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **SMART PHARMACY, INC., et al.,** | : | |
| | : | **Civil Action No. 11-6485 (FSH)** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **MEMORANDUM OPINION** |
| | : | |
| **MEDCO HEALTH SOLUTIONS, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**CLARK, Magistrate Judge**

    Currently pending before the Court is Plaintiffs Smart Pharmacy, Inc. ("Smart") and Highland Pharmacy, LLC's ("Highland") (collectively, "Plaintiffs") motion for leave to file a second amended complaint [Docket Entry No. 77].  Defendant Medco Health Solutions, Inc. ("Medco") has opposed Plaintiffs' motion [Docket Entry No. 84].  The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiffs' motion.  The Court considers Plaintiffs' motion without oral argument pursuant to L.Civ.R. 78.1(b).  For the reasons set forth more fully below, Plaintiffs' motion is DENIED.

## I.    <u>BACKGROUND</u>

    Plaintiffs filed this matter as a putative class action on November 4, 2011, alleging that Medco engaged in "abusive audit and reimbursement practices" and seeking relief under various causes of action sounded in contract law. *First Am. Compl.* at ¶1; Docket Entry No. 20.  Plaintiffs brought this action on behalf of three putative classes, all of whom contracted with Medco for the reimbursement of certain pharmacy services. *Id.*  Plaintiffs' instant motion concerns the "Overpriced Compound Class" which is defined as:

> All pharmacies who have submitted at least one claim to Medco for reimbursement…, and which claim(s) was subsequently audited by Medco and for which monies were either recouped by Medco, or are subject to recoupment by Medco, for an alleged "Overpriced Compound" discrepancy since June 30, 2009.

*Id.* at ¶75b.

A First Amended Complaint was filed on August 24, 2012 as a result of the District Court's Opinion and Order granting Medco's Motion to Dismiss. *See* Docket Entry Nos. 18, 19.  After an Initial Scheduling Conference on February 8, 2013, a pretrial scheduling order was entered, which was amended by this Court on November 13, 2013, upon the transfer of this case to the undersigned.  The November 13th Scheduling Order required any motions to join new parties or to amend the pleadings to be filed by January 24, 2014. *See* Docket Entry No. 60.  The instant motion was filed on March 17, 2014.

## II.   LEGAL STANDARD

### a.  Good Cause under Fed.R.Civ.P. 16

Normally, leave to amend is governed by Fed.R.Civ.P. 15.  Under the Rule, a party may amend once as a matter of course within a specified time and conditions.  *See* Fed.R.Civ.P. 15. Once that period has passed, a party may amend only with written consent of the adverse party or with leave of court.  Fed.R.Civ.P. 15(a)(2).  Where, however, the Court has entered a scheduling order, Fed.R.Civ.P. ("Rule") 16 also applies.  *See Harbor Laundry Sales, Inc. v. Mayflower Textile Services Co.*, 2011 WL 6303258 at * 2 (D.N.J. Dec. 16, 2011).  Under Rule 16, the court sets a schedule which "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions."  Rule 16(b)(3).  Rule 16(b)(4) governs modifications to that schedule, setting forth that "[a] schedule may be modified only for good cause and with the judge's consent."  In this district, Rule 16 operates as a gatekeeper.  A party must first establish good cause for the delay under Rule 16.  If good cause is found, only then do courts then

evaluate the proposed amendment under Rule 15(a). *See Harbor Laundry Sales*, 2011 WL 6303258 at *3.

Good cause is more than a lack of prejudice to the opposing party. *Id.*, *citing GlobespanVirata, Inc. v. Texas Instruments Inc.,* 2005 WL 1638136, at *3 (D.N.J. July 12, 2005). The focus of the inquiry is the diligence of the party, specifically that, despite its diligence, the moving party could not have met the deadlines to move for leave to amend as set forth in the original scheduling order. *Id.* Where a party has the knowledge or facts but fails to move and provides no satisfactory explanation, the court has discretion to deny the late amendment. *See Prince v. Aiellos*, 2012 WL 1883812 at *6 (D.N.J. May 22, 2012).

### b. Liberal Standard under Fed.R.Civ.P. 15

Once a party establishes good cause, the court analyzes the request under Rule 15(a). Pursuant to this rule, leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Delay alone is not sufficient to deny a request for leave to amend, *see Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d. Cir. 1984), but the moving party "must demonstrate that its delay in seeking to amend is satisfactorily explained." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotations omitted). Courts will deny a request for

leave to amend where delay becomes undue, when its accommodation creates an "unwarranted burden on the court…[and] unfair burden on the opposing party." *Adams v. Gould*, 739 F.2d 858 at 868.

Similarly, prejudice must be "undue" and rise to such a level that the non-moving party would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence…" *Harrison*, 113 F.R.D. at 468 (internal quotations omitted). In evaluating the extent of any alleged prejudice, the court looks to the hardship on the non-moving party if the amendment were granted. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). "Specifically, [courts] have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or theories." *Cureton*, 252 F.3d at 273.

## III.   **DISCUSSION**

Plaintiffs seek leave to amend their complaint so that they might "clarify the definition of an Audit" with respect to potential members of the Overpriced Compound Class. Plaintiffs submit that Medco has been conducting audits of pharmacies "under the rubric of an 'investigation,' as opposed to an 'audit.'" *Plaintiffs' Brief in Support* at 4; Docket Entry No. 77-1. Plaintiffs postulate that "Medco has done this in an effort to minimize the size of the putative classes in this lawsuit, and hence, its overall legal exposure resulting from this lawsuit." *Id.* Specifically, Plaintiffs contend that Medco's "investigations" are no different from the "audits" of which Plaintiffs have complained, and that the result of either is the same, *i.e.* "monetary recoupment from the pharmacy for alleged overpricing of a compound prescription." *Id.* at 5. It is Medco's process for determining alleged overpricing that Plaintiffs complain of, and therefore, Plaintiffs adopt the "substance over form" argument, maintaining that the mere labeling of the process as an "investigation" rather than an "audit" is irrelevant and is simply a tactic Medco is using to limit or reduce the putative class

and its potential litigation exposure. *Id.* As such, Plaintiffs request that they be permitted to file a Second Amended Complaint with the proposed definition of an "audit" as follows:

> The word "Audit" as used herein refers to any audit, review and/or investigation process to which a pharmacy is subjected by Medco after a prescription drug claim has been electronically adjudicated at the point-of-sale including, but not limited to, on-site audits, desk audits, telephone audits, investigations, operational claims reviews, quality assurance reviews, purchase verification audits and investigations, and any other evaluation of claims and/or claims data performed by Medco.

*Proposed Second Amended Complaint* at ¶1; Docket Entry No. 77-3.

Plaintiffs submit that their motion should be granted, as "the amendment is being sought while the parties remain in the midst of discovery,…prior to Plaintiffs' motion for class certification[,]…would [result in] no prejudice to Medco…[and] does not seek to assert any additional claims/legal theories. *Pltf. Br. Supp.* at 11. Medco has opposed Plaintiffs' motion, arguing that the proposed amendment is untimely, prejudicial to Medco, and futile. The Court shall address each objection in turn.

### a.  Good Cause under Fed.R.Civ.P. 16

Plaintiffs concede that this amendment is being sought subsequent to the deadline set forth in the November 13, 2013 scheduling order, but submit that they "have not exhibited bad faith or a dilatory motive" in requesting same. *Id.* at 10. Plaintiffs state that the "amendment has been prompted by new information learned by Plaintiffs, through their counsel in connection with other, unrelated matters" in the months leading up to the motion. *Id.* at 11. In contrast, Medco submits that Plaintiffs have not shown the requisite good cause for filing their motion past the deadline, especially given Plaintiffs' vague indication that the new information was learned "over the last couple of months[.]" *Medco's Brief in Opposition* at 11; Docket Entry No. 84 (internal quotations omitted). Moreover, Medco contends that Plaintiffs' counsel authored an article in January 2013 on the precise issue of "audits" disguised as "investigations." *Id.* at 8. Lastly, Medco argues that

Plaintiffs have given no adequate reason why they did not move for an extension of time to file a motion to amend. *Id.* at 11. Plaintiffs argue that they had no widespread knowledge of Medco's practices in January 2013, believing that it was only "certain discrete instances where Medco was essentially auditing claims under the guise of an 'investigation'." *Plaintiffs' Brief in Reply* at 8; Docket Entry No. 85. Plaintiffs aver that they "moved diligently to incorporate the information into its pleading…after assessing a rapid trend over the past couple months." *Id.*

The Court finds that Plaintiffs have not shown the requisite good cause to modify the scheduling order. Plaintiffs argue that the standard for establishing good cause under Rule 16 "must be balanced against the standard under Rule 15(a), which provides leave to amend 'shall be freely given.'" *Id.* at 7. However, in this District, Plaintiffs are first required to show good cause and then a Rule 15 analysis follows. *See Velto v. Reliance Std. Life Ins. Co.,* 2011 WL 810550 at *4 (D.N.J. Mar. 1, 2011) ("Only once the party has shown sufficient 'good cause' to amend the Rule 16 Order to extend the deadline will the Court evaluate the proposed amendment under Rule 15(a)."). Discovery has been progressing for well over a year and the deadline for motions to amend has been extended no less than three times. Plaintiffs were aware of the January 24, 2014 deadline for motions to amend the pleadings since November 13, 2013. Further, Plaintiffs filed their motion on March 17, 2014 and state that they learned of the "investigations" at issue "over the course of the last couple months[.]" *Pltfs. Br. Supp.* at 4. As such, it stands to reason that the new information which Plaintiffs allude to began to materialize prior to the expiration of the January 24th deadline. As such, the Court finds that Plaintiffs failed to exercise due diligence in moving to amend by the deadline, or requesting an extension for same and shall therefore deny Plaintiffs' motion. *See Velto,* 2011 WL 810550 at *4 ("If the moving party is unable to demonstrate 'good cause', the Court will deny the motion and will not proceed to a Rule 15 analysis.") However, due to the overwhelming interest that the Court has in deciding matters

on the merits, rather than technicalities, the Court shall illustrate why Plaintiff's motion fails under Rule 15 as well. *See Foman v. Davis,* 371 U.S. 178 (1962).

### b. Prejudice

Plaintiffs claim that the amendment would avoid undue prejudice by clarifying the class definitions to focus "on the substance and outcome of Medco's claims review process, rather than the label or format used by Medco." *Pltf. Br. Supp.* at 14. Furthermore, Plaintiffs claim that the amendment "does not seek to assert any additional claims/legal theories." *Id.* at 11. Medco contends that the amendment "would unduly expand the nature of this action, complicate discovery, and undoubtedly lead to protracted litigation and inordinate delay regarding its scope." *Deft. Br. Opp.* at 12. Medco rebuffs Plaintiffs' claim that no new causes of action are being asserted, arguing that "an expanded class of pharmacies…would implicate a wide variety of new fact patterns and legal issues." *Id.* at 13.

The Court finds that Medco would suffer undue prejudice if Plaintiff's amendment were permitted. The parties have been proceeding for nearly two years under the First Amended Complaint and the Court finds that Plaintiffs' proposed definition of an "audit" would serve to confuse, rather than to clarify. Indeed, it is worth noting that the First Amended Complaint did not define the word "audit," much less to include such terms as "operational claims reviews, quality assurance reviews, purchase verification audits and investigations, and any other evaluation of claims and/or claims data performed by Medco." *Proposed Second Am. Compl.* at ¶1. The Court finds that countless discovery issues would result by virtue of the amendment, including disputes as to who is included in the putative class and what conduct constitutes an "investigation process," which would necessarily lead to expanded class-based discovery and extended discovery deadlines. As such, the Court finds that the proposed amendment would unduly prejudice Medco, and must be denied.

### c. Futility

Lastly, Medco challenges Plaintiffs' proposed amended complaint as futile. Because the Court has already found that Plaintiffs' motion must be denied on both Rule 16 and Rule 15 grounds, the Court declines to address this argument.

**IV.    <u>CONCLUSION</u>**

For the foregoing reasons, Plaintiffs' motion for leave to file an amended complaint is hereby DENIED. An appropriate Order follows.

Dated: July 29, 2014

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**
